BOYCE v. CLAPHAM.

Opinion delivered March 8, 1920.

1. DRAINS—APPOINTMENT OF COMMISSIONERS—COLLATERAL ATTACK. —Where the record of the circuit court recites that the three commissioners of a drainage district resigned and their successors were appointed by the court, the appointment of the latter can not be collaterally attacked by a property owner seeking to restrain proceedings by the new board and the issuance of bonds.

2. DRAINS—SALE OF BONDS—ADVERTISEMENT.—Acts 1909, No. 2791, as amended by Acts 1911, No. 221, and by Acts 1913, No. 1771, relating to drainage districts, does not require advertisement of the sale of bonds by the board of commissioners of a district.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Rogers, Barber & Henry,* for appellant.

The appointment of appellees as members of the board was illegal and void, as three of the old commissioners had not resigned, and there was no advertisement of the sale of the bonds and no competitive bidding. There was no vacancy on the board at the time the court appointed appellees. Act No. 279, Acts 1909, § 4; act 221 amending No. 279. Before removal of an officer, there must be notice and a hearing. 84 Ark. 551 and cases cited. The facts must be found according to the proof. 15 Cyc., § 301, p. 915; 1 Nev. 440. There was no resignation and no vacancy to fill and the removal was void. It is against public policy. 32 Cyc. 1251; 100 Md. 520.

*Rose, Hemingway, Cantrell & Loughborough* and *Will G. Akers,* for appellees.

1. If the act of the court amounted to a removal it was in all respects valid. Act 279, Acts 1909, § 13. There was notice and a hearing.

2. This is a collateral attack and the commissioners acquiesced.

3. The commissioners were not removed; they resigned. This may be done by parol or in any way evincing declination to serve further. 22 R. C. L. 556-558; 39 Ark. 214; 134 Ark. 292.

4. The sale of the bonds was legal. Art. 19, § 16, Const. 1874. Publication was not necessary. 55 Ark. 148; 55 *Id.* 81; 32 *Id.* 666.

McCulloch, C. J. On July 7, 1919, the Pulaski-Lonoke Drainage District was duly organized by order of the circuit court of Pulaski County on petition of a majority of the owners of real property in the district, and three commissioners were appointed. The proceedings were pursuant to the general statutes with respect to the organization of drainage districts. Act No. 279, session of 1909, as amended by Act No. 221, session of 1911, and Act No. 177, session of 1913.

On August 2, 1919, the circuit court of Pulaski County entered an order reciting the resignation of the three commissioners tendered in open court and the appointment of appellees as commissioners to fill the vacancies caused by said resignations. Appellees subsequently took the oath and organized themselves into a board of commissioners and proceeded to form plans for the construction of the improvement and to contract for the sale of bonds.

Appellant, who is the owner of real property in the district, then instituted this action in the chancery court of Pulaski County to restrain proceedings on the ground that the appointment of appellees as members of the board of commissioners was illegal and void in that the three old commissioners had not in fact resigned; and also to restrain the issuance of bonds on the ground that there had been no advertisement of the sale of bonds and no competitive bidding.

In the hearing before the chancery court appellant sought to prove by oral testimony that the commission-

ers had not in fact voluntarily resigned, but had been forced out by the circuit judge. Appellee met this proof with oral testimony tending to show that the old commissioners voluntarily resigned at the suggestion of the circuit judge on account of material disagreements between the commissioners and lack of harmony in conducting the affairs of the district. Under the statute the circuit court was authorized to remove commissioners for cause and upon notice, and to fill vacancies caused by resignations, or otherwise. The order of the circuit court recites the resignation of the old commissioners. This is a collateral attack on the validity of the appointments; and whether the order of the court be treated as a removal of the old commissioners or the resignation of the commissioners, the appointments can not be collaterally attacked by the owner of property in the district.

In answer to the other contention, it is sufficient to say that the statute does not require advertisement of the sale of bonds. Section 15 of the act of 1909, *supra,* provides that "the board may borrow money at a rate of interest not exceeding six per cent. per annum, may issue negotiable bonds therefor, signed by the members of the board, and may pledge all assessments for the repayment thereof." The statute is silent as to the method of proceeding to borrow money and issue bonds. The proof in this case does not show any fraud or bad faith on the part of the commissioners or lack of diligence, or that the bonds were sold for an inadequate price, or that the transactions contained any elements of improvidence.

The decree of the chancery court was correct, and the same is affirmed.